Dear Mr. Canada:
Your opinion request has been forwarded to me for research and reply. You requested an opinion from the Attorney General's office regarding whether the remaining members of the Slidell City Council can appoint an individual to fill a vacancy pursuant to a recent amendment to the city's home rule charter allowing the City Council to appoint a temporary successor to fill vacancies by majority vote.
Along with your request, you provided the following background information: On July 3, 2008, the Slidell City Councilman at-Large passed away leaving a vacancy on the City Council. Given no provision in the Slidell City Home Rule Charter for filling such a vacancy prior to a special election, the City Council passed Resolution R08-46 calling for a special election to amend particular sections of their charter. Proposition 1, included in the amendments in R08-46, allows the City Council to appoint someone to fill a vacancy by a majority vote of the remaining members within fifteen (15) days after the vacancy occurs. On November 4, 2008, Proposition No. 1 was passed by a majority of the electorate and Article II, Section 2-03, entitled "Vacancies", of the Slidell Home Rule Charter was formally changed to read as follows:
Section 2-03 Vacancies:
 A. The office of a council member shall become vacant upon death, resignation, removal from office in any manner authorized by law, forfeiture of office or failure to take office for any reason.
 B. Any council member shall forfeit the office if such member (1) lacks at any time during the term of office any qualification for the office prescribed by this charter, (2) violates any express prohibition of this charter or (3) is disqualified by law from holding public office. *Page 2 
 C. 1. A vacancy on the Council shall be filed by appointment within (15) days after the vacancy occurs by a person meeting the qualifications for that office by the favorable vote of a majority of the remaining members of the Council. The appointee shall not have the right to seek the office at the next regular election held for the purpose of filling the office.
 2. If the vacancy occurs more than eighteen (18) months before the expiration of the term, the appointee shall serve until the office is filled by the vote of the qualified electors voting in an election called by the Council for that purpose and the person elected assumes the office. In such a case, at the next regularly scheduled meeting after the vacancy occurs, the Council shall call an election to fill the vacancy. The election shall be held according to the timetable and procedures established by state law for the filling of vacancies in elected local offices.
 3. The appointee shall be compensated at a rate equal to that of other Council Members for the period served.
Based on this recent change to the charter, the city would like to temporarily appoint an individual to serve in the vacancy until the April 4, 2009 special election is held, permanently filling the position.
Ultimately, the question is whether the Slidell City Council has the authority to fill a vacancy that occurred prior to the city adopting any provision to its Home Rule Charter regarding filling vacancies. It is the opinion of this office that the date on which a vacancy occurs determines what procedures apply in filling the vacancy. Since the vacancy occurred on July 3, 2008 in the Slidell City Council and its charter did not include procedures for filling vacancies at that time, the City of Slidell cannot use its current charter provisions to fill this vacancy and must use the prevailing law and charter provisions in effect at the time the vacancy occurred.
The Election Code, La R.S. 18:602, et seq., establishes specific procedures for filling vacancies in local municipal offices.[1]
Subsection (G) of La.R.S. 18:602 provides an exemption to the code authorizing a local governmental subdivision to provide, by home rule charter, for the filling of vacancies in the local governing body.[2]
In other words, if a local governing body has a home rule charter that *Page 3 
specifically provides for vacancies before a special election, then the home rule charter provisions control the procedure for filling the vacancy and not the Election Code.[3] However, La.R.S. 18:602(G) further provides that, "Such constitutional home rule plan provisions shall govern the filling of the vacancies, except that the provisions of La.R.S. 18:402 shall apply to the time and manner of calling the special elections to fill the vacancies."[4]
In view of the fact that the City Council has clearly amended its charter to provide for filling vacancies, the Home Rule Charter controls as to how future vacancies will be filled because the exception in La.R.S. 18:602(G) allows the City of Slidell to establish vacancy filling procedures. Accordingly, the procedures set forth in Article 2-03, Section 2-03 of the Slidell Home Rule Charter should be followed by the council for filling vacancies that arise subsequent to the adoption of the amendment to the charter.
It is important to note that La.R.S. 18:602 contains a temporal element that determines which procedures located in La.R.S. 18:602 will apply in filling the vacancy. Initially, either La.R.S. 18:602 (A), (B) or (C) will apply when a vacancy occurs, allowing an appointment to be made by a governing body within ten (10) days of the vacancy occurring. If the procedures set for the in the foregoing are not followed by the local municipality, then La.R.S. 18:602 (D) applies requiring the governor to fill the vacancy. Section (E) further defines how a vacancy is filled when the unexpired term in one (1) year or less, or when it is one (1) year or more. Moreover, La.R.S. 18:602 (G) carves out a specific exception for local governmental subdivisions that are under a home rule charter by allowing the local governing body to establish its own procedures for filling vacancies that occur within its subdivision. However, this exception only applies if the vacancy occurres after the procedures were incorporated into the city's charter.
In the present situation, the vacancy occurred on July 3, 2008, which was approximately four (4) months before the Slidell Home Rule Charter was officially *Page 4 
amended to include provisions for filling vacancies. Initially, it would seem that the charter controls since the vacancy is presently unfilled. However, at the time the vacancy occurred, no such provisions existed in the charter to trigger the exception set forth in La.R.S. 18:602(G) and as a result, the Election Code, La.R.S. 18:602, et seq. prevails. Accordingly, it is the mandatory duty of the governing authority to make an appointment of a qualified person to fill a vacancy in the city council.[5] The law allows ten (10) days in which to make the appointment, and thereafter, mandates that the governor make the appointment if the governing authority fails to do so.[6] Additionally, if the unexpired office term is more than one (1) year, the governing authority is required to issue a proclamation, within ten (10) days, ordering a special election to fill the vacancy and specify the election dates.[7] If the governing authority fails to do so, the governor is required to issue the proclamation.[8]
Based on the facts and the above law, it is the opinion of this office that the vacancy occurring in the Slidell City Council on July 3, 2008 should be filled in accordance with the Election Code, La.R.S. 18:602, et seq., because the vacancy occurred before the City of Slidell's Home Rule Charter had adopted any provisions for filling vacancies. At the time of the vacancy, the governing authority, the city council, had a mandatory duty to fill the vacancy within ten (10) days of the vacancy occurring, and since no appointment was made, it is the governor's responsibility to appoint a qualified individual to serve until the election is held on April 4, 2009.
I hope the foregoing has adequately answered your question. If we can be of further assistance, please do not hesitate to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 MERIDITH J. TRAHANT
 Assistant Attorney General
 JDC/MJT/ard
[1] Atty. Gen. Op. 87-0331.
[2] Atty. Gen. Ops. 00-0071, 99-0390, 98-0002, and 84-0104. La.R.S.18:602(G) specifically states, "The provisions of this Section shall apply to all local governmental subdivisions, including those operating under the provisions of a legislative charter, but shall not apply where the filling of a vacancy otherwise is provided for by the constitution or by the home rule charter or home rule plan of government of the affected local governmental subdivision. Such constitutional home rule plan provisions shall govern the filling of the vacancies, except that the provisions of R.S. 18:402 shall apply to the time and manner of calling the special elections to fill the vacancies."
[3] Atty. Gen. Ops. 00-0071, 99-0390, 98-0002, and 84-0104. In short, provisions in a home rule charter may govern the method of filling vacancies in local and municipal offices but cannot govern the time and manner of calling elections to fill the vacancies to which such provisions apply. Where a city charter provision conflicts with a state provision, the state provision must control. Atty. Gen. Op. 86-205.
[4] At issue in the present situation is not whether the special election was correctly called. However, La.R.S. 18:602(E)(2)(a) controls with respect to calling the election. See La.R.S. 18:402 for a complete list of the special election rules.
[5] La.R.S. 18:602 (A) and Atty. Gen. Op. 96-0102.
[6] La.R.S. 18:602 (A) and (D).
[7] La.R.S. 18:602 (E)(2)(a).
[8] Id.